IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| LILA SUYAPA LORENZO<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>      Plaintiff,<br><br>v.<br><br>STANSBURY BUILDING SERVICE, INC.<br>3115 Farnborough Court<br>Silver Spring, MD 20906<br>(Montgomery County)<br><br>JAMES JOSEPH SLATTERY<br>2203 Hallow Lane<br>Bowie, MD 20716<br>(Prince George's County)<br><br>      Defendants. | Civil Action No. _____ |

## COMPLAINT

1. Plaintiff worked as a janitor for Defendants' cleaning company. During the entirety of Plaintiff's employment, Defendants capped her pay at forty hours per week and paid her nothing for any time worked beyond forty hours. In addition, Defendants paid Plaintiff only $400.00 for her final four weeks, or 170 hours, of work.

2. Plaintiff brings this action against Stansbury Building Service, Inc. and James Joseph Slattery ("Defendants") to recover damages for Defendants' willful failure to pay minimum, regular, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Lila Suyapa Lorenzo is an adult resident of Montgomery County, Maryland.

6. Defendant Stansbury Building Service, Inc. is a Maryland corporation. It does business as Stansbury Building Service. Its principal place of business is located at 3115 Farnborough Court, Silver Spring, MD 20906. Its resident agent for service of process is Joseph N. Stahl, 3115 Farnborough Court, Silver Spring, MD 20906.

7. Defendant James Joseph Slattery is an adult resident of Prince George's County, Maryland. He resides at 2203 Hallow Lane, Bowie, MD 20716. He is an owner and officer of Defendant Stansbury Building Service, Inc. He exercises control over the operations of Stansbury Building Service, Inc. — including its pay practices.

## Factual Allegations

8. Plaintiff worked for Stanbury Building Service from approximately June 1, 2015 through approximately December 31, 2021.

9. At all relevant times, Plaintiff worked in Montgomery County, Maryland.

10. Plaintiff worked at Leisure World of Maryland Retirement Community, located at 15000 Pennfield Circle, Silver Spring, MD 20906.

11. Plaintiff worked for Stanbury Building Service as a janitor.

12. Plaintiff's job duties primarily consisted of cleaning the lobby, stairs, bathrooms, hallways, walls, and picking up any garbage outside of the buildings.

13. Plaintiff typically and customarily worked five days per week.

14. Plaintiff typically and customarily worked approximately forty-five hours per week.

15. Plaintiff typically and customarily started each workday at 7:00 a.m.

16. Plaintiff typically and customarily finished each workday at 4:00 p.m.

17. At all relevant times, Defendants paid Plaintiff by the hour.

18. Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Aug. 15, 2018 – Aug. 14, 2019 | $12.75 |
| Aug. 15, 2019 – Aug. 14, 2020 | $13.00 |
| Aug. 15, 2020 – Aug. 14, 2021 | $13.25 |
| Aug. 15, 2021 – Dec. 31, 2021 | $13.50 |

19. At all relevant times, Defendants paid Plaintiff by check.

20. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

21. At at all relevant times, Defendants only paid Plaintiff for her first forty hours of work in a workweek. Defendants paid Plaintiff nothing for any hours worked in excess of forty in a workweek.

22. In addition to not paying overtime wages, Defendants did not always pay Plaintiff the applicable minimum wage.

23. For businesses with fewer than fifty employees, the Montgomery County minimum wage was $12.00 from July 1, 2018 through June 30, 2019, $12.50 from July 1, 2019 through June 30, 2020, $13.00 from July 1, 2020 through June 30, 2021, and $13.50 from July 1, 2021 through the present. Montgomery County Code, § 27-68.

24. Finally, Defendants did not pay Plaintiff her regular promised wage for some of her time worked.

25. From approximately December 6, 2021, through approximately December 31, 2021, Plaintiff worked one hundred and seventy hours, ten of which were overtime hours.

26. But for December 6–31, 2021, Defendants only paid Plaintiff $400.00, or approximately $2.35 per hour.

27. For December 6–31, 2021, Defendants should have paid Plaintiff $2,362.50 ((160 hours $\times$ $13.50) + (10 hours $\times$ $13.50 $\times$ 1.5)). For this period, Defendants owe Plaintiff approximately $1,962.50 ($2,362.50 – $400.00) in minimum, regular, and overtime wages.

28. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe her a total of approximately $15,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

29. Defendant James Slattery hired Plaintiff.

30. Defendant James Slattery set Plaintiff's rate and manner of pay.

31. Defendant James Slattery set Plaintiff's work schedule.

32. Defendant James Slattery had the authority to sign checks on behalf of Stansbury Building Service.

33. Defendant James Slattery has signed checks on behalf of Stansbury Building Service.

34. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

35. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

36. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

37. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

38. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular hourly rate for all hours worked in excess of forty hours in any one workweek.

39. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable minimum wage.

40. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

41. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

42. At all relevant times, Defendants provided Plaintiff with cleaning supplies to perform her duties.

43. At all relevant times, Defendants had two or more employees who handled goods and materials, such as disinfectants, cleaning agents, and mops, that had traveled in or been produced in interstate commerce.

44. At all relevant times, Defendants had two or more employees who handled goods and materials, such as disinfectants, cleaning agents, and mops, that had been produced outside of Maryland.

## COUNT I

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

47. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

48. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

50. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

51. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

52. Defendants' violations of the FLSA were willful.

53. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

54. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

55. Each Defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

56. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

57. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

58. Defendants' violations of the MWHL were willful.

59. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE MWPCL

60. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

61. Each Defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

62. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

63. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

64. The "wages" required to be timely paid by the MWPCL include regular and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

65. The "wages" required to be timely paid by the MWPCL include also include minimum wages, as set at the federal, state and county levels. Md. Code, Lab. & Empl. Art. § 3- 501(c)(2). *See, e.g., Craighead v. Full Citizenship of Md., Inc.*, 2020 U.S. Dist. LEXIS 174747, at *18–20 (D. Md. Sep. 23, 2020).

66. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum, regular, and overtime wages.

67. Defendants' violations MWPCL were willful.

68. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$47,742.00**, and grant the following relief:

    a. Award Plaintiff $45,000.00 consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

  iii.  three times the amount of unpaid regular, minimum, and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $2,340.00);

d. Award Plaintiff court costs (currently, $402.00); and

e. Award any additional relief the Court deems just.

February 24, 2022         Respectfully submitted,

                **DCWageLaw**

                By: /s/ Justin Zelikovitz
                JUSTIN ZELIKOVITZ, #17567
                519 H Street NW
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com

                *Counsel for Plaintiff*