```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                                :
LILA SUYAPA LORENZO              :
                                :
     v.                          :    Civil Action No. DKC 22-459
                                :
STANSBURY BUILDING SERVICE,      :
INC., ET AL.                     :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this unpaid wage and overtime case are (1) a motion to vacate the entry of default filed by Defendant James Joseph Slattery (ECF No. 14) and (2) a motion for default judgment filed by Plaintiff Lila Suyapa Lorenzo (ECF No. 16). The issues have been briefed and the court now rules, no hearing being deemed necessary. Loc.R. 105.6. For the following reasons, Defendant Slattery's motion to vacate entry of default will be granted, and Plaintiff's motion for default judgment will be denied without prejudice.

**I.   Background**

Plaintiff filed a complaint against Defendant Slattery and Stansbury Building Service, Inc. ("Stansbury") on February 24, 2022, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*

(ECF No. 1). Plaintiff alleges that she worked for Stansbury (and Defendant Slattery, President of Stansbury) from June 2015 to December 2021 and that Defendant Slattery failed to pay her minimum wages for work she performed in July, August, and December 2021 and failed to pay her overtime wages for the entire duration of her employment. Plaintiff has since voluntarily dismissed Stansbury as a defendant. (ECF No. 12). Service was properly effected on Defendant Slattery on February 28, 2022; his answer was due on March 31, 2022. (ECF No. 6). Defendant Slattery has not filed an answer.

Plaintiff moved for an entry of default against Defendant Slattery, (ECF No. 7), which the clerk entered on June 23, 2022. (ECF No. 9). On July 20, 2022, Defendant Slattery submitted a terse, unsigned letter to the court, which has been construed as a motion to vacate the entry of default, stating that "[d]iscussions with Miss Suya Pa [sic] Lorenzo's lawyer are and have been in motion to come to a resolution of this case." (ECF No. 14). The court issued a letter to Defendant Slattery on July 25, 2020, instructing him to submit a supplement to his letter that includes a signature, in compliance with Local Rule 101.1.a.ii, and that states reasons why the court should vacate the entry of default. (ECF No. 15).

On July 31, 2022, Plaintiff filed a motion for default judgment, requesting the court enter judgment by default against

2

Defendant Slattery in the amount of $33,869.81, representing $9,210.94 in unpaid wages, $18,421.88 in liquidated damages, and $6,237 in attorney's fees, expenses, and court costs. (ECF No. 16). In the motion, Plaintiff's counsel acknowledges that Defendant Slattery and his wife called him regarding this case but contends that "Defendant Slattery's failure to 'plead or otherwise defend' is total and unambiguous."

Defendant Slattery submitted a revised, signed letter on August 3, 2022, stating that he "can supply a payroll history report on payments to" Plaintiff and that "[t]his report will show the proper Montgomery County minimum wage rate was paid for the time in question."[1] (ECF No. 17). He offered to provide the report "at [the court's] request, due to personal information listed." Plaintiff filed a response in opposition to Defendant Slattery's motion to vacate default on August 17, 2022. (ECF No. 18).

**II. Standard of Review**

Under Fed.R.Civ.P. 55(c), a court "may set aside an entry of default for good cause." The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450,

---

[1] Defendant Slattery also appears to assert that Plaintiff was not employed by him because she used the name Lila Suyapa Moreno in her motion for default judgment, and he only employed a Lila Suyapa Lorenzo.

3

453 (4th Cir. 1993).  A motion to set aside a default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments," *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (internal quotation marks omitted), and "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

In determining when there is "good cause" to set aside an entry of default, courts consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).  To establish a meritorious defense, the moving party must proffer "evidence which would permit a finding for the defaulting party." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).

**III. Analysis**

The foregoing factors, considered in light of the policy of deciding cases on their merits, counsel in favor of granting Defendant Slattery relief from the entry of default.  Plaintiff argues that the court should deny Defendant Slattery's motion

4

because he has "stated no legally cognizable reason" for the court to do so. (ECF No. 18). Indeed, Defendant Slattery has not explained why he has been unable to file an answer or otherwise respond to the complaint, although he suggests that informal efforts to resolve the case were undertaken, and he offers no concrete evidence of a meritorious defense. However, he asserts that he is able to provide documentation that shows he paid Plaintiff a minimum wage during the relevant time periods, and his letter suggests that he believed, erroneously, that he could not provide that documentation until requested to do so by the court. Additionally, Defendant Slattery acted with reasonable promptness after the default was entered (less than one month), there is no undue prejudice to Plaintiff in allowing Defendant Slattery to submit an answer at this time, and a default judgment would be an extreme sanction to impose, particularly on a *pro se* defendant.

For the foregoing reasons, Defendant Slattery's motion to vacate the entry of default will be granted, and Plaintiff's motion for default judgment will be denied without prejudice. A separate order will follow.

                                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge

5