```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

                                :
LILA SUYAPA LORENZO             :
                                :
     v.                         :   Civil Action No. DKC 22-459
                                :
STANSBURY BUILDING SERVICE, INC.,
et al.                          :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lila Suyapa Lorenzo commenced this action on February 24, 2022, by filing a complaint alleging violation of the Fair Labor Standards Act against Defendants Stansbury Building Service, Inc. and James Joseph Slattery.  (ECF No. 1).  Plaintiff dismissed Defendant Stansbury Building Service, Inc. voluntarily on June 30, 2022 (ECF Nos. 12, 13).  The Clerk entered default as to Mr. Slattery for his failure to plead timely (ECF No. 9) which was later vacated (ECF Nos. 19, 20).  Mr. Slattery answered Plaintiff's complaint on October 28, 2022 (ECF No. 21), and a scheduling order was entered dictating that on March 24, 2023, discovery ended and a status report was due (ECF No. 23).

Plaintiff filed a status report on March 24, 2023, reporting that Defendant failed to participate in the discovery process (ECF No. 24).  On April 3, 2023, Plaintiff filed a motion to compel alleging that interrogatories and requests for production of documents propounded upon Defendant Slattery on November 5, 2022,

were unanswered. (ECF No. 26). Plaintiff seeks an order requiring Defendant Slattery to provide responses to Plaintiff's requests by May 1, 2023, and for a three (3) month extension of the scheduling order deadlines. Defendant Slattery has not responded to the motion to compel.

A party is obligated to respond to written discovery requests in a timely fashion, and Defendant will be ordered to provide full and complete responses by May 22, 2023. Potential sanctions for failure to provide this discovery may include an order to pay expenses incurred by Plaintiff or contempt.

Fed.R.Civ.P. 37(d) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The possible sanctions include:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the

>purposes of the action in accordance with the claim of the party obtaining the order;
>
>(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
>(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

In determining the proper sanction, a district court applies a four-factor test:

>(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. [*Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)]. Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. *Id.* at 504. In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct. *National Hockey League*, [*v. Metropolitan Hockey Club Inc*.], 427 U.S. [639,] at 643, 96 S.Ct. at 2781, 49 L.Ed.2d 747; *Wilson*, 561 F.2d at 504.

*Mutual Federal Sav. and Loan Ass'n v. Richards & Associates*, *Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Defendant Slattery is reminded that a party is obligated to respond to all discovery requests in a timely fashion. He will be ordered to provide full and complete responses by May 22, 2023, and the scheduling order deadlines will be extended by approximately three (3) months.

Accordingly, it is this 21st day of April, 2023, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to compel (ECF No. 26) BE, and the same hereby IS, GRANTED;

2. Defendant Slattery is directed to provide full and complete responses to the interrogatories and requests for production of documents propounded by Plaintiff by no later than May 22, 2023;

3. Discovery closes and a status report is due by June 26, 2023; requests for admission are due by July 3, 2023; and the dispositive pretrial motions deadline is July 24, 2023; and

4. The Clerk will transmit a copy of this Memorandum Opinion and Order to counsel for Plaintiff and to Defendant Slattery.

                                                     /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge