IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LILA SUYAPA LORENZO | : | |
| | : | |
| v. | : | Civil Action No. DKC 22-459 |
| | : | |
| JAMES JOSEPH SLATTERY | : | |
| | : | |

**MEMORANDUM OPINION**

Plaintiff in this employment action filed a consent motion seeking the court's approval of the parties' settlement agreement on February 20, 2024. (ECF No. 45). The agreement provides that, upon court approval, Defendant James Joseph Slattery will pay the sum of $4,500 consisting of $2,500 to Plaintiff, $1,407.37 in attorney's fees and $592.63 in costs to Plaintiffs' attorney. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the proposed settlement agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved.

**I.  Background**

Plaintiff filed a complaint on February 24, 2022, alleging three counts: (1) violations of the Fair Labor Standards Act ("FLSA"), (2) violations of the Maryland Wage and Hour Law ("MWHL"), and (3) violations of the Maryland Wage Payment and Collection Law ("MWPCL"). (ECF No. 1, at 6-8). Initially,

Stansbury Building Service, Inc. was also a defendant.  After some procedural issues were resolved, the parties conducted discovery. Eventually, on August 4, 2023, the case was referred to Magistrate Judge Gina L. Simms for alternative dispute resolution.  (ECF No. 31).  Judge Simms appointed pro bono counsel to assist Mr. Slattery in that effort.

## II.  Analysis

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).  Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed.  *See* 29 U.S.C. § 216(c).  Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights

brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co.*, 30 F.Supp.3d 404, 407 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding whether to approve such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel . . .;

3

> and (6) the probability of plaintiffs' success
> on the merits and the amount of the settlement
> in relation to the potential recovery.

*Hackett v. ADF Restaurant Invs.*, 259 F.Supp.3d 360, 365 (D.Md. 2016) (quoting *Saman v. LBDP, Inc.*, DKC-12-1083, 2013 WL 2949047, at *3 (D.Md. June 13, 2013); *see also Duprey*, 30 F.Supp.3d at 408, 409.  Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted).

**A.    *Bona Fide* Dispute**

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408.  In the complaint, Plaintiff alleges that Mr. Slattery paid Plaintiff the same weekly pay for all hours worked, regardless of the number of hours worked in a week.  Mr. Slattery denies the allegations and contests the number of hours Plaintiff worked.  Mr. Slattery's

4

denials and the parties' overall disagreement indicates the presence of a *bonda fide* dispute.

Additionally, Mr. Slattery may have shown that they were not subject to the FLSA or MWHL because his annual revenue was less than the required threshold. Thus, there is a dispute as to whether Plaintiff is entitled to any award.

### B.    Fairness & Reasonableness

Upon review of the parties' submissions and after considering the relevant factors, the agreement appears to be a fair and reasonable compromise of the parties' *bona fide* disputes. Plaintiff is represented by an experienced lawyer with employment expertise. Although Mr. Slattery was pro se during discovery, he had counsel for mediation. The parties exchanged discovery, participated in negotiations, and concluded further litigation would have consumed Mr. Slattery's resources. Thus, the parties have had sufficient opportunity to obtain additional evidence through discovery, evaluate their claims and defenses, and conclude that, based in part on desires to avoid a lengthy and costly litigation process, settlement is the most appropriate resolution. Moreover, there is no evidence that the agreement is the product of fraud or collusion.

## C.   Attorneys' Fees and Costs

Finally, the provisions regarding attorneys' fees and costs must also be assessed for reasonableness.

> In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide, even when the attorneys' fees are based on a contingency fee.  An attorney's fee award negotiated pursuant to a contingent-fee arrangement can be approved if a court finds that (1) the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) they are reasonable under the lodestar approach.

*Hackett,* 259 F.Supp.3d at 360 (internal citations omitted).  The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)).  This court has established presumptively reasonable rates in Appendix B to its Local Rules.

The Agreement provides that — separate and apart from the payment to Plaintiff — Mr. Slattery will pay Plaintiff's counsel

$2,000.00 in attorney's fees and costs. This includes $1,407.37 in legal fees and $592.63 in filing and service costs. Plaintiff's counsel state that Justin Zelikovitz, a member of the bar since 2008, spent approximately 29.4 hours and Jonathan Tucker, a member of the bar since 2009, spent approximately 24.6 hours on this matter. Additionally, paralegal staff expended approximately 14 hours working on this case. Clearly, the fee requested is a small percentage of the actual fees incurred and is entirely reasonable. The requested fee and costs will be awarded in full.

## III. Conclusion

For the reasons stated in the parties' motion and the reasons herein, the motion will be granted. A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge